OPINION OF THE COURT
Alan Saks, J.
Defendant’s restored motion to amend its answer to add an affirmative defense and for summary judgment thereon.
(1) Defendant’s motion is granted to the extent of permitting it to amend its answer to add an eighth affirmative defense of failure to file sworn proofs of loss within 60 days of demand thereof, and the amended answer attached to its motion papers is deemed served.
(2) Summary judgment for defendant dismissing the complaint, based on the added affirmative defense, is denied.
(3) Summary judgment is granted, dismissing the added affirmative defense as a matter of law.
This is an action to recover on a fire insurance policy. The policy requires the insured to submit sworn proof of loss within 60 days after the fire. Generally, compliance with the policy requirements as to notice and proof of loss is considered a condition precedent to recovery on the policy. (31 NY Jur, Insurance, § 1262.) In the case of property insurance, no claim may be rejected on this *755 ground unless the insurer first makes a written request for proof of loss and furnishes the insured with suitable blank forms. If the insured then submits said proof within 60 days of receiving the notice and forms, he is deemed to have complied with the policy provisions relating to timely filing of proof of loss. (Insurance Law, § 172, subd 1.)
Although the fire occurred in December, 1980, this particular aspect of the controversy did not surface until May 4, 1982, when blank proofs of loss were handed to the plaintiff during an examination before trial in this action. At that time, defendant’s attorney orally requested on the record that plaintiff render sworn proofs through defendant’s attorney’s office. (There was some discussion as to whether the sworn proofs had already been submitted, but this question was not answered at that time.) The plaintiff was also asked on the record to furnish other documents, such as her 1980 income tax returns and her business’ financial records. On June 8, 1982, defendant mailed the transcript of the May 4 deposition to plaintiff’s attorney, together with a letter asking plaintiff, inter alia, to supply “documents requested”. It is defendant’s contention that these steps constituted compliance with the statutory written notice requirement and triggered the 60-day period. It is conceded that the proof of loss was not served until April 19, 1983, at which time defendant rejected it as untimely.
Plaintiff opposes summary judgment, claiming that the April 19, 1983 proof of loss was timely since no prior written demand had been made.
The court holds that the June 8, 1982 letter requesting unspecified documents was not a written notice as contemplated by the statute. “This section has for its purpose the protection of the insured from the consequences of his oversight or neglect in complying with one of the conditions precedent to a recovery under the policy”. (Margulies v Quaker City Fire & Mar. Ins. Co., 276 App Div 695, 698.) The June 8 letter did not protect the plaintiff since it failed to tell her that the defendant desired proof of loss. Furthermore, the court refuses to incorporate two pages out of a 79-page transcript into the letter, so as to find the statutory written notice. Therefore, plaintiff’s sworn proof of loss, served on April 19, 1983, was timely as a matter of law. *756 Motion for summary judgment dismissing the complaint is denied.
Moreover, since a motion for summary judgment searches the record and permits summary judgment against the movant and the court has held that the “notice” of file proofs of loss was insufficient as a matter of law to trigger the running of the 60-day deadline, the court hereby renders summary judgment against defendant, dismissing the added affirmative defense.